Peck J.
delivered the opinion of the court.
The exercise of jurisdiction in a case such as the one now before us, is considered by the profession to be a vexed question. The exercise of jurisdiction by justices on sums above twenty dollars, has repeatedly been called in question. Under the act of 1794, which was in force when the constitution of Tennessee was’framed, justices of the peace out of court, had jurisdiction to the amount of twenty dollars, and no more. The act extending that jurisdiction to fifty dollars, (act of 1801,) was directly made the determining point. In the case of Stephens vs. Henderson, supreme court, Knoxville, Overton and White presiding, shortly after the organization of that *446 court, the question was presented in the record m a way . . , , . r . . .. . - • that forbade escape. And the court met it directly. It is to be regretted, that the opinion has never been published, but it is recollected, that the court assumed the ground in support of the constitutionality of the act on the premises, that inasmuch as the party was in all cases allowed his appeal, when he could have a trial by jury, the right of trial by a jury was not taken away; so that the terms of requiring bail or security for the money, belonged to the legislature to provide, and though the security required in cases of appeal, differed from those cases when the party was brought into court by original writ, still as it did not take away the right of trial by jury, the act was not unconstitutional.
This construction of the act has been followed ever since. It is not speaking too largely to say, that hundreds of cases have been before the circuit and supreme courts, where this question of jurisdiction necessarily arose, and when judgments conformably to the opinion in Stephens vs. Henderson, have been rendered.
In the case of Thompson vs. Gibson, (2 Tennessee Reports 285,) the same doctrine is held, and a decision in the former superior court is referred to, as authority to support the opinion. In the present state of the question, the propriety of lessening or increasing the jurisdiction of the justices of the peace, rests with the legislature. What the true policy is, remains not for this .court to determine. If any question in the State is settled, this ought to be considered the one. This assumption gains strength from the consideration, that the late convention has not, in the amended constitution, made any change, limiting this power of legislation; on the contrary, it is declared, the laws in being and in force, (and these have always been so considered,) are to remain in force, until altered or repealed by the legislature.
This is the only view we can take of the subject, for the act of 1831, chap. 59, sec. 2, is no more in conflict *447 with the constitution, than any one of the previous acts „ . , , „ extending jurisdiction of justices above twenty dollars. And the act embraces this case.
The judgment must be reversed, and the cause remanded for another trial, to be had in accordance with this opinion.
Judgment reversed.